IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**RICCARDO TOLLIVER,**

 Petitioner,

v.              Case No. 5:13-cv-21929

**JOEL ZIEGLER, WARDEN,**
**FCI-BECKLEY,**

 Respondent.

## PROPOSED FINDINGS AND RECOMMENDATIONS

  Pending is Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). This case is assigned to the Honorable Irene C. Berger, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The undersigned ordered Respondent to show cause why the relief requested by Petitioner should not be granted. Respondent filed a response to the show cause order, and Petitioner then replied. (ECF Nos. 8, 9). Therefore, the matter has been fully briefed, and there are no issues that require an evidentiary hearing. For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DENY** Petitioner's Petition for a Writ of Habeas Corpus and **DISMISS** this action from the docket of the Court.

1

I.     **Relevant Background**

On January 5, 2009, Riccardo Tolliver ("Tolliver") pled guilty to all seven counts of a superseding information pending in the United States District Court for the Eastern District of Michigan. (ECF No. 2 at 1-2; ECF No. 8-1). Count One of the information charged Tolliver with the possession and transportation of a firearm with an obliterated serial number, and aiding and abetting with that crime. Count Two alleged conspiracy to possess with intent to distribute a controlled substance (marijuana), and Counts Three and Five alleged possession with intent to distribute marijuana, and aiding and abetting with those crimes. Counts Four and Six charged Tolliver with using and carrying a firearm in furtherance of a drug trafficking crime, and aiding and abetting, and Count Seven involved the transportation of firearms in interstate commerce, and aiding and abetting the transportation of firearms. (*Id.*). He received a sentence of 384 months imprisonment. (*Id.*; ECF No. 8-1 at 4).

On May 1, 2009, Tolliver appealed his conviction and sentence to the United States Court of Appeals for the Sixth Circuit, challenging the Government's theory that he "used" and "possessed" firearms in furtherance of a drug trafficking crime. (ECF No. 8 at 2). The Sixth Circuit denied Tolliver's appeal, and the United States Supreme Court refused a writ of certiorari. (*Id.* at 2-3). On August 16, 2013, Tolliver filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241. At the time Tolliver filed the petition, he was incarcerated at FCI Beckley in Beaver, West Virginia.[1]

II.    **Grounds for Habeas Relief and Government's Response**

As grounds for habeas relief, Tolliver asserts that he is actually innocent of Counts Four and Six of the superseding information in light of the Supreme Court's

---

[1] Tolliver has since been moved to FCI Lexington in Lexington, Kentucky.

2

decision in *Moncrieffe v. Holder,* 133 S.Ct. 1678, 185 L.Ed.2d 727 (2013). Specifically, Tolliver contends that Counts Four and Six of the superseding information charged him with violations of 18 U.S.C. § 924(c). Section 924(c) provides that any person who uses, carries, or possesses a firearm in furtherance of or during and in relation to a drug trafficking crime may be sentenced to a term of imprisonment in addition to the punishment imposed for the drug-trafficking offense. For purposes of this subsection, the term "drug trafficking crime" means "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." 18 U.S.C. § 924(c)(2). Therefore, the validity of Tolliver's convictions under Counts Four and Six depend upon the existence of predicate felony drug-trafficking convictions. Tolliver argues that while he was convicted of conspiracy to possess with intent to distribute a controlled substance (marijuana) and possession with intent to distribute marijuana under 21 U.S.C. § 841(a)(1), neither of these offenses categorically qualifies as a felony under the Controlled Substances Act ("CSA"). Since his drug-trafficking convictions are not categorically felonies, no factual basis exists to support the firearms convictions. Therefore, those convictions must be vacated. Considering that Count Four resulted in a 60-month sentence, and Count Six added another 300 months to the sentence, Tolliver's time in prison will be substantially reduced if the convictions are vacated. (ECF No. 2).

    In response, the Government makes three arguments. (ECF No. 8). First, the Government alleges that Tolliver has procedurally erred by filing a petition under § 2241. According to the Government, Tolliver is challenging the validity of his conviction and sentence. Consequently, he must bring his action under 28 U.S.C. § 2255. The

Government points out that claims under § 2255 must be made within one year after a disputed conviction becomes final. Given that it has been more than one year since Tolliver's convictions became final, and Tolliver fails to show good cause for an extension of the limitations period, the Court must dismiss the action. (*Id.* at 3-4).

Second, the Government maintains that the holding in *Moncrieffe v. Holder* does not apply to Tolliver's factual circumstances and consequently has no effect on the validity of his convictions. In *Moncrieffe*, the petitioner alleged that his state conviction for a drug-trafficking crime was not an aggravated felony under the provisions of the Immigration and Naturalization Act ("INA") and, therefore, could not be used as the reason for his immediate deportation. Petitioner, a citizen of Jamaica, was found in possession of 1.3 grams of marijuana during a traffic stop in Georgia. After petitioner pled guilty to a state charge of possession with the intent to distribute marijuana, the Federal Government sought to deport him on the ground that he had committed an "aggravated felony" under the INA; that being, "illicit trafficking in a controlled substance." "The Government reasoned that possession of marijuana with intent to distribute is an offense under the CSA, 21 U.S.C. § 841(a), punishable by up to five years' imprisonment, § 841(b)(1)(D), and thus [constituted] an aggravated felony" under the INA. *Moncrieffe,* 133 S.Ct. at 1683. An Immigration Judge agreed with the Government and ordered Moncrieffe's deportation.

On appeal, Moncrieffe argued that, when taking into account 21 U.S.C. § 841(b)(4), his state conviction was not necessarily a felony under the CSA and, as a result, did not justify his removal from the country. Contrary to the other provisions of 21 U.S.C. § 841, which punish acts of drug-trafficking as felony offenses, Section 841(b)(4) provides that the distribution of a small amount of marijuana for no

4

remuneration is punishable only as a misdemeanor offense. (*Id.*) Therefore, Tolliver's state conviction could be a misdemeanor rather than a felony, and a misdemeanor conviction did not make him ineligible from seeking discretionary relief from the deportation order. While the Court of Appeals was not persuaded by this argument, the Supreme Court agreed with Moncrieffe and reversed and remanded the judgment against him. The Supreme Court explained that the elements of Moncrieffe's state crime of conviction could satisfy either the CSA's felony provisions contained in § 841(b), or the misdemeanor provision of § 841(b)(4). "Ambiguity on this point means that the conviction did not 'necessarily' involve facts that correspond to an offense punishable as a felony under the CSA. Under the categorical approach, then, Moncrieffe was not convicted of an aggravated felony." *Moncrieffe,* 133 S.Ct. at 1687.

    Nonetheless, the Government contends that, in this case, Tolliver was charged and convicted under the CSA of two federal felony drug-trafficking offenses. Accordingly, an examination of the elements of each offense is not necessary here. Unlike the situation in which a determination must be made about whether a state offense corresponds to a federal felony offense, no such analysis is required in this case. For that reason, the Government maintains, *Moncrieffe* does not apply.

    Finally, the Government asserts that even if the holding in *Moncrieffe* was relevant to Tolliver's case, the facts surrounding his convictions unequivocally demonstrate that his controlled substance offenses did not qualify for misdemeanor treatment under § 841(b)(4). The Government stresses that Tolliver obtained sixty handguns, removed the serial numbers, and then traded them for over seven pounds of marijuana. (ECF No. 8 at 8). Moreover, Tolliver admitted at his plea hearing that he intended to distribute or assist someone in distributing the marijuana. Although he was

5

given an opportunity at that hearing to establish that the predicate marijuana convictions were misdemeanor offense, involving only a small amount of drug and no remuneration, and therefore were misdemeanor offenses, Tolliver instead verified under oath that he committed felony drug-trafficking offenses as part of his guns for drugs scheme. (*Id.* at 9).

### III. Discussion

#### A. Section 2241 versus Section 2255

Title 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a federal conviction and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Although § 2241 provides a general grant of habeas corpus authority, that section is typically reserved for challenges to the execution of a sentence. The remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. To the contrary, "[i]t is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citation omitted); *see also In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (stating that in "a limited number of circumstances," § 2255 is inadequate to test the legality of the prisoner's detention, and accordingly, the prisoner may file a habeas petition under § 2241.).

The "savings clause," found at 28 U.S.C. § 2255(e), occasionally allows a § 2241 petition to take the place of a § 2255 motion, but not "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *In re Vial*, 115 F.3d at 1194, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F. Supp. 2d 354, 357 (S.D.W.Va. 2001). Rather, the savings clause creates a narrow opening through which a petitioner may pass when his § 2241 challenge to the

6

legality of a conviction or sentence contains all three of the following characteristics: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 333-34. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *Jones* criteria. *See Hood v. United States*, 13 F.App'x 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W.Va. Feb. 20, 2014).

Applying the *Jones* criteria in this case, it is clear that Tolliver's petition does not meet the requirements of the savings clause. Assuming for argument's sake that Tolliver could satisfy the first and third conditions, he simply cannot establish the second condition given that a violation of 18 U.S.C. § 924(c) continues to constitute criminal activity. To the extent that Tolliver relies on *Moncrieffe* to argue a change in the range of conduct or class of persons that the law punishes, that reliance is misplaced. As explained in Subsection B below, *Moncrieffe* simply does not apply to Tolliver's situation.

Tolliver also claims actual innocence of the § 924(c) offenses. "To succeed on actual innocence grounds, however, 'a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent' … Furthermore, the 'movant must show actual

7

innocence by clear and convincing evidence.'" *United States v. Pettiford,* 612 F.3d 270, 282 (4th Cir. 2010) (quoting *United States v. Mikalajunas,* 186 F.3d 490, 493-94 (4th Cir. 1999)). Tolliver plainly cannot meet this high standard. The transcript of his plea hearing reveals that Tolliver admitted to orchestrating and supervising the sale of handguns to Canadian marijuana traffickers on two occasions, knowing that payment for the handguns would be made in the form of high quality marijuana, which would be further distributed in the United States. (ECF No. 8-2 at 26-34). Tolliver also admitted that he arranged these transactions in expectation of payment from the Canadian marijuana traffickers, and at least one such transaction involved seven pounds of marijuana and seven handguns. In total, Tolliver pled guilty to selling 60 firearms in exchange for marijuana to distribute in the United States.[2] (*Id.*). In light of these circumstances, Tolliver does not offer valid grounds to trigger 28 U.S.C. § 2255(e).

### B. *Application of Moncrieffe*

Tolliver contends that the Supreme Court's holding in *Moncrieffe v. Holder,* 133 S.Ct. 1678, 185 L.Ed.2d 727 (2013), renders his firearms convictions invalid given that his predicate drug-trafficking convictions under 21 U.S.C. § 841(a), standing alone, do not reveal "whether remuneration or more than a small amount [of marijuana] was involved." (ECF No. 2 at 7). As previously stated, in *Moncrieffe*, the Supreme Court examined a noncitizen's Georgia state conviction for possession with intent to distribute marijuana to determine if it constituted an aggravated felony under the INA. To accomplish this, the Court looked at the state statute defining the crime of conviction to see if it categorically fit within the generic federal definition of a corresponding aggravated felony. Beginning with the relevant conduct criminalized by the CSA, the

---

[2] *See also* Rule 11 Plea Agreement, *United States v. Riccardo Tolliver,* Case No. 2:05-cr-80369-GCS-PJK (E.D.Mich. Jan. 5, 2009) (ECF No. 248).

8

Court confirmed that possession with intent to distribute marijuana was a federal crime. *Moncrieffe,* 133 S.Ct. at 1685. However, to qualify as an aggravated felony under the INA, the state conviction also had to constitute a felony offense under the CSA. Looking at the provisions of 21 U.S.C. § 841(b), the Court noted that:

> Subsection (b)(1)(D) provides that if a person commits a violation of subsection (a) involving "less than 50 kilograms of marihuana," then "such person shall, except as provided in paragraphs (4) and (5) of this subsection, be sentenced to a term of imprisonment of not more than 5 years," *i.e.,* as a felon. But one of the exceptions is important here. Paragraph (4) provides, "Notwithstanding paragraph (1)(D) of this subsection, any person who violates subsection (a) of this section by distributing a small amount of marihuana for no remuneration shall be treated as" a simple drug possessor, 21 U.S.C. § 844, which for our purposes means as a misdemeanant.

*Id.* at 1686. Consequently, "these dovetailing provisions create two mutually exclusive categories of punishment for CSA marijuana distribution offenses: one a felony, and one not. The only way to know whether a marijuana distribution offense is 'punishable as a felony' under the CSA, is to know whether the conditions described in paragraph (4) are present or absent." *Id.* (citations omitted). Because Moncrieffe's Georgia conviction was silent on the issues of remuneration and amount, the Court concluded that it was not categorically an aggravated felony for purposes of the INA. *Id.* at 1693-94.

Nevertheless, *Moncrieffe* is factually distinguishable from the instant action in one important respect. Unlike the Georgia conviction in *Moncrieffe*, the federal statute under which Tolliver was convicted "clearly prescribed felony punishment for [Tolliver's] conduct." *Winfield v. Wilson,* No. 3:14CV172, 2015 WL 1137802, at \*3 (E.D.Va. Mar. 3, 2015) (*citing* 21 U.S.C. 841(b)(1)(D)). Although Section 841(b)(4) does provide for a misdemeanor charge when the trafficking involves no remuneration and a small amount of marijuana, this section "'is a mitigating exception' to § 841(b)(1)(D)

9

that a defendant must prove for sentencing purposes." *Id. (quoting United States v. Hamlin,* 319 F.3d 666, 670–71 (4th Cir. 2003) (holding that 21 U.S.C. § 841(b)(1)(D) "is the 'baseline' provision" and the "default" for federal possession with intent to distribute marijuana charges.")). Rather than attempting to establish that his controlled substance offenses fell within § 841(b)(4) and could not provide a factual basis for the firearms offenses, Tolliver knowingly and intelligently pled guilty to two counts of felony drug-trafficking and two counts of possessing a firearm in relation to a drug-trafficking crime. (ECF Nos. 8-1. 8-2). At no time during the plea hearing did Tolliver protest the felony sentences that accompanied his offenses under the CSA, or argue that they failed to constitute predicate offenses for the firearms charges. (*See* ECF No. 8-2). *See, also Walton v. United States,* No. 5:14CV12, 2014 WL 2515129, *3 (N.D.W.Va. June 4, 2014) (holding that *Moncrieffe* does not apply to convictions "based on valid federal criminal statutes."); *Gooden v. United States,* Nos. 5:06–CR–313–1–FL, 5:11–CV–97–FL, 2014 WL 358974, *3 (E.D.N.C. Feb. 3, 2014) (holding "[t]he Supreme Court expressly distinguished [Moncrieffe] from federal prosecutions under § 841") (*citing Moncrieffe*, 133 S.Ct. at 1687–89)). Therefore, the holding in *Moncrieffe* is inapposite and provides no basis for relief.

## IV. Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED**, and this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is

hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Judge and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Berger and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** May 8, 2015

Cheryl A. Eifert
United States Magistrate Judge